**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 11-2277

---

ORYN TREADWAY SHEFFIELD, JR. TRUST; JOHN TOLMAN SHEFFIELD TRUST,

               Plaintiffs - Appellants,

JOHN TOLMAN SHEFFIELD; ORYN TREADWAY SHEFFIELD, JR.,

               Trustees – Appellants,

      v.

CONSOLIDATION COAL COMPANY,

               Defendant – Appellee.

---

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:11-cv-00049-JPJ-PMS)

---

Argued: October 25, 2012        Decided: November 21, 2012

---

Before TRAXLER, Chief Judge, and WILKINSON and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Ilya I. Berenshteyn, THE SENTER LAW FIRM, PC, Bristol, Tennessee, for Appellants. James Robert Creekmore, THE CREEKMORE LAW FIRM, PC, Blacksburg, Virginia, for Appellee. **ON BRIEF:** Blair N. C. Wood, THE CREEKMORE LAW FIRM, PC, Blacksburg, Virginia; Jonathan T. Blank, Lisa M. Lorish, MCGUIREWOODS, LLP, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Oryn Treadway Sheffield, Jr. Trust and the John Tolman Sheffield Trust ("Appellants") appeal a district court order dismissing their complaint against Consolidation Coal Company ("Consolidation"). Finding no error, we affirm.

Appellants brought this action in federal district court against Consolidation, asserting causes of action for trespass, conversion, assumpsit, and negligence, and seeking money damages. Their amended complaint alleges the following facts.

By deed dated December 4, 1937, Prater Coal Land Company conveyed to H. Claude Pobst and F.H. Combs "all of the coal, oil and gas as well as all such other minerals, metal and timber as [Prater Coal Land Company] may own or be entitled to in or upon the lands hereinafter identified, together with all rights, privileges and easements in, on or under [such lands located in Buchanan County, Virginia, as described]." J.A. 71. On December 28, 1937, Pobst and Combs then conveyed by deed to Levisa Coal Corporation "all the coal, metals and timber, together with all rights, privileges and easements incident thereto, in, on or under" the parcels that the December 4 Deed described (the "Buchanan parcels"). J.A. 76. Following that conveyance, Pobst and Combs each retained a 50% interest in the oil, gas, and "all other such minerals" in the Buchanan parcels.

3

On November 16, 1956, Levisa Coal leased to Island Creek Coal Company ("Island Creek Coal") the rights to remove the coal from the Buchanan parcels and "to make any use of the leased premises which [Island Creek Coal] may deem needful or convenient in carrying on its mining or other operations." J.A. 61 (internal quotation marks omitted).

Pobst died in 1965 and devised the remainder of his estate to his second wife, Jessie Maie Pobst. As part of the settlement of an apparent dispute concerning the will, Jessie Maie Pobst granted her late husband's children a one-half undivided interest "in all of the real property of which . . . Claude Pobst died seized and possessed, and situate[d] in Buchanan County." J.A. 37. As a result, Jessie Maie Pobst was left with a 25% interest in "all other such minerals" in the Buchanan parcels.

When Jessie Maie Pobst died in 1989, her will provided for two testamentary trusts, namely, the two Appellants herein, the Oryn Treadway Sheffield, Jr., Trust and the John Tolman Sheffield Trust. Her interest in the Buchanan parcels thus passed to Appellants, and it is via this chain of title, that together they claim a 25% interest in "all . . . minerals" in the Buchanan parcels other than coal, oil, gas, metals or timber.

4

Island Creek Coal mined coal from the Buchanan parcels through its VP3 Mine until 1998. The amended complaint alleges that, during the time Island Creek Coal was utilizing the VP3 Mine, "minerals such as ore, rock, or any other homogeneous crystalline element, were removed." J.A. 62-63. While active coal mining in the VP3 Mine ceased in 1988, the amended complaint does not allege that there is no coal remaining or that the mine was abandoned.

Island Creek Coal is a subsidiary of Consolidation, which owns the Buchanan No. 1 Mine, located not far from the VP3 Mine. The complaint alleges that around 2006 Consolidation Coal began depositing wastewater from the Buchanan No. 1 Mine into the underground voids of the VP3 Mine.

Consolidation moved to dismiss the amended complaint for lack of standing and for failure to state a claim. The district court granted the motion. The court concluded that Appellants' claims centered around their assertions that their interest in "all other such minerals" in the parcels gives them an ownership interest in the voids in the VP3 Mine and that Consolidation had harmed Appellants' mineral interest. The court determined that Appellants failed to allege facts in their complaint that plausibly established either of these propositions. As such, it ruled that Appellants "lack standing to bring any claims based on an ownership interest in the VP3 Mine voids" and that the

5

amended complaint "fails to state a claim against Consolidation based on [Appellants'] ownership interest in the 'other minerals.'" Oryn Treadway Sheffield, Jr., Trust v. Consolidation Coal Co., 819 F. Supp. 2d 625, 631 (W.D. Va. 2011).

Appellants now appeal the dismissal of their complaint. Having considered the parties' briefs, the joint appendix, and the oral arguments of counsel, we find no error and affirm on the reasoning of the district court.

AFFIRMED